UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARNELL JAMES BUTLER<br><br>Defendant. | Case No.:  14-CR-1288-DMS<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582 (c)(1)(A)** |
|---|---|

On May 21, 2021, Defendant Darnell James Butler, proceeding *pro* se, filed a letter requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court treats Defendant's letter request as a motion for relief under § 3582(c)(1)(A).

The matter was referred to Federal Defenders of San Diego, Inc. ("FDSDI") for its review and recommendation whether counsel ought to be appointed to represent Defendant on the subject motion.  After FDSDI concluded Defendant's motion could be decided without further assistance of counsel, the Court ordered the government to file a response, which it did. Defendant did not file a reply. After considering the arguments of the parties and reviewing the underlying file, the Court denies Defendant's motion for the reasons set forth below.

/ / /

# I.

# BACKGROUND

In September 2014, Defendant was convicted of violating 18 U.S.C. § 1962(d), Conspiring to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity (RICO conspiracy), involving the West Coast Crip gang. Defendant was sentenced to 151 months of imprisonment. Defendant has served nearly 98 months of his sentence. His projected release date, with good-time credits, is February 1, 2025. In July 2020, Defendant received medical attention and spent some time in an isolation unit after contracting COVID-19. Defendant does not state whether he is currently experiencing any severe COVID-19 related symptoms, has been vaccinated, or has any underlying health conditions that could pose additional risk.

# II.

# DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). One such statute is the First Step Act ("FSA"), which expressly permits sentencing modification. *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for compassionate release.

Section 3582(c) provides that a district court may not modify a term of imprisonment once it has been imposed except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding

to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 U.S. Dist. LEXIS 37483, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted).

Here, there is no indication that Defendant exhausted his administrative remedies before seeking relief in this Court. While the government recognizes the Court may deny Defendant's motion on this ground alone, it waives objection to Defendant's failure to exhaust administrative remedies and requests the Court to address the merits of the motion, which the Court will do. *See United States vs. Keller,* 2 F.4th 1278, 1282 (9th Cir. 2021) (stating administrative exhaustion requirement imposes mandatory claim-processing rule that must be enforced if invoked by the government).

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant a sentence reduction and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Further, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant policy statement, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, authorizes a sentence reduction if the court determines that extraordinary and compelling reasons warrant the reduction and the defendant "is not a danger to the safety of any other person or to the community." The Application Notes to Section 1B1.13 set forth a number of circumstances that constitute "extraordinary and compelling reasons," including among other things, the defendant's medical condition, age, and family circumstances.

However, in *United States v. Aruda*, the Ninth Circuit held the current policy statement of the U.S.S.G. is not binding and courts have freedom to consider other factors in determining whether a sentence reduction is warranted under the FSA. 993 F.3d 797, 802 (9th Cir. 2021). Although no longer binding, the policy statement may still "inform a district court's discretion" for motions like the one presented here. *Id.* As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. <u>Extraordinary and Compelling Reasons</u>

In this case, Defendant argues that he should be eligible for compassionate release because he (1) has served more than 8 years of his (12 years and seven months) sentence, (2) demonstrated good behavior while in custody, (3) contracted COVID-19 in July of 2020, and (4) has rehabilitated and is "ready to live [as a free man]." (ECF No. 1517.) The United States contends that Defendant's grounds for compassionate release do not rise to the level of "extraordinary and compelling reasons" because the length of his sentence and journey of rehabilitation are neither extraordinary nor compelling reasons contemplated by Congress in the FSA.

The Court agrees. Under these facts, Defendant has not set forth extraordinary and compelling reasons warranting release. Defendant's good behavior is already accounted for through a 15% sentence reduction. And rehabilitation, "is not, by itself, an extraordinary and compelling reason." U.S.S.G." § 1B1.13 (Application Note 3) (citing 18 U.S.C. § 994(t)).

In addition, while Defendant's medical records confirm his previous COVID-19 symptoms and the medical attention he received, Defendant has not presented the Court with any documentation showing that he continues to suffer from COVID-19 related symptoms or that he has been vaccinated. "In light of the efficacy of COVID-19 vaccines, courts consistently refuse to find that COVID-19 presents an extraordinary or compelling reason for relief." *United States v. Tsingine*, No. CR-09-08132-001-PCT-GMS, 2021 U.S. Dist. LEXIS 147110, 2021 WL 3419056, at *2 (D. Ariz. Aug. 5, 2021).

Finally, courts have consistently denied compassionate release in the absence of showing underlying health conditions that significantly increase risk of injury or death upon contraction of COVID-19. *See United States v. Eberhart*, 448 F.Supp.3d 1086, 2020 WL 1450745, at *2 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence[.]"). Defendant does not claim to possess any health condition that would subject him to heightened risk of complications were he to re-contract COVID-19.

As such, Defendant has failed to meet his burden of demonstrating that extraordinary and compelling reasons justify his release.

   2. Section 3553(a) Factors

   Based on Defendant's failure to show "extraordinary and compelling" reasons, he is not entitled to relief. Nevertheless, the Court discusses the other factors below. Section 3553(a) provides that the court "shall impose a sentence sufficient, but not greater than necessary," and in doing so, may consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence, protection of society, rehabilitation, avoiding unwarranted sentencing disparities and promoting respect for law.

   Here, Defendant is a career offender, fled from police while throwing a loaded handgun from his vehicle, dealt drugs to an undercover police officer, and brokered the sale of drugs.  The government notes that Defendant was associated with a violent gang and informed a gang member that he "had seen documents showing another gang member, Paris Hill, cooperating with the police."  Oppo. Br. at 12.  Thereafter, Hill was executed by gang members for cooperating with law enforcement. While the government does not contend that Defendant is responsible for the murder of Hill, it correctly notes that Defendant's "participation in gang culture that celebrates murder, and punishes cooperation, is appropriately factored into the Court's 3553(a) evaluation." [1] *Id.*

   While Defendant is to be commended for his efforts in custody to turn his life around, a reduction in sentence is not warranted here. This decision comes in consideration of Defendant's apparent recovery from COVID-19, the lack of extraordinary or compelling medical reasons for releasing him early, Defendant's career offender status and history of recidivism, and the severity and nature of the crime to which Defendant pleaded guilty,

---

[1]  Numerous defendants were charged in and plead guilty to RICO conspiracy.  Four defendants were convicted by jury of RICO conspiracy, which included six murders, drug sales, sex trafficking, and multiple firearms violations.

including its numerous overt acts. The sentence imposed remains the right, just and fair sentence, sufficient but not greater than necessary to meet the goals of the § 3553(a) sentencing factors.

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

Dated:  July 14, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court